IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                         3:18-cr-0034-HZ-1

                Plaintiff,                     OPINION & ORDER

     v.

GREGORY MILTON BROWN,

                Defendant.

Amy Potter
United States Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, OR 97401

       Attorney for Plaintiff

Ryan Costello
Office of the Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

       Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).
The Government opposes Defendant's motion. The motion is suitable for decision without oral
argument and is denied.

## BACKGROUND

On May 3, 2018, Defendant pleaded guilty to possession with intent to distribute cocaine
base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Pet. & Order Entering Guilty Plea,
ECF 19. The Court sentenced Defendant to an 80-month term of imprisonment and a four-year
term of supervised release. J. & Commitment, ECF 38. At the time of filing, Defendant had
served just over half of the sentence imposed and his projected release date was September 25,
2023. Def. Ex. A, ECF 46; Gov't. Resp. 2, ECF 48. Defendant is currently serving his sentence
at FCI Sheridan.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has
been imposed." 18 U.S.C. § 3582(c); Dillon v. United States, 560 U.S. 817, 824–25 (2010). With
the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), however,
Congress authorized the district court to modify a defendant's sentence on a motion for
compassionate release:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion
> of the defendant after the defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf
> or the lapse of 30 days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier may reduce the term of imprisonment . . .
> after considering the factors set forth in section 3553(a) to the extent that they are
> applicable, if it finds that—
>
> (i)  Extraordinary and compelling reasons warrant such a reduction; [ . . . ]

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances; and (D) other reasons, as determined by the Director of the BOP, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n. 1(A)-(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a), and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

The defendant seeking a reduction of his sentence bears the burden to establish that the defendant has exhausted his administrative remedies and that extraordinary and compelling reasons exist to warrant a reduction of his or her sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## DISCUSSION

Defendant is 49 years old. He suffers from a variety of health issues, including obesity, hypertension, sleep apnea, osteoarthritis, borderline diabetes, hyperlipidemia, a torn ACL, joint disorder, post-traumatic stress disorder, anxiety, depression, allergies, myopia, and gum disease. Def. Ex. B, at 1, 4-6, 11, 34, ECF 46. He argues that his medical conditions, combined with the

pandemic and particular vulnerability of prisoners, provide extraordinary and compelling reasons to reduce his sentence. Defendant further argues that he requires greater medical care for his torn ACL than the Bureau of Prisons ("BOP") can provide for him during the pandemic. The government argues Defendant has failed to demonstrate extraordinary and compelling circumstances, and that a reduction in sentence is inappropriate because Defendant is a danger to the community.[1]

As a preliminary matter, the Court acknowledges that we are in the midst of a global health crisis. The Court also acknowledges that prisoners are exceptionally vulnerable to infection due to the lack of distancing and hygiene issues endemic to prison life.[2] Nevertheless, the Court cannot find that Defendant has met his burden to show that extraordinary and compelling reasons exist to warrant a reduction of his sentence.

According to the CDC, older adults and people with certain underlying medical conditions are more likely to become severely ill from COVID-19.[3] These conditions include "serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies," cancer, chronic obstructive pulmonary disease, type-2 diabetes, and obesity.[4] The CDC has also

---

[1] The government concedes that Defendant has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). Gov't Resp. 1.

[2] *Guidance for Correctional & Detention Facilities*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last updated July 22, 2020).

[3] *People at Increased Risk of Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html  (last updated Sept. 11, 2020).

[4] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Sept. 11, 2020).

identified conditions that *might* increase the risk for severe illness from COVID-19.[5] These

conditions include asthma (moderate-to-severe), hypertension or high blood pressure, and type-1

diabetes.[6]

Defendant is understandably concerned about his exposure to COVID-19, a virus that

thrives in crowded, confined spaces and has disproportionally impacted people of color.[7]

However, "[t]he fact of the matter is that many prisoners—and many members of the general

public—have some condition that elevates their COVID-19 risk as compared to a healthy young

person." *United States v. Jackson*, No. 3:09-CR-00170-1-MO, 2020 WL 3889701, at *2 (D. Or.

July 9, 2020). Here, Defendant, at 49, is younger than the high-risk group identified by the CDC.

Although he has preexisting conditions that make him, or might make him, more susceptible to

becoming severely ill and/or dying from COVID-19, FCI Sheridan has implemented various

measures that have prevented the spread of infection within the facility. Huston Decl., ECF 48-1;

Salazar Decl., ECF 48-2; Keller Decl., ECF 48-3. Indeed, as of September 28, 2020, with a

population of 1091 inmates, the facility is reporting that no inmates and no staff members are

---

[5] *Id.*

[6] *Id.* Conditions listed as likely to increase the risk of severe illness from COVID-19 are
supported by the "strongest and most consistent evidence," defined as "consistent evidence from
multiple small studies or a strong association from a large study." *Scientific Evidence for
Conditions that Increase Risk of Severe Illness*, Centers for Disease Control and Prevention,
https://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last updated
July 28, 2020). Conditions that may increase the risk for severe illness from COVID-19 are
supported by mixed evidence, defined as "multiple studies that reached different conclusions
about risk associated with a condition," or limited evidence, defined as "consistent evidence
from a small number of studies." *Id.*

[7] *Health Equity Considerations and Racial and Ethnic Minority Groups*, Centers for Disease
Control, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-
ethnicity.html (last updated July 24, 2020).

currently infected, and the five previously infected inmates have all recovered.[8] These circumstances are not so compelling or extraordinary as to justify Defendant's release. *See Jackson*, 2020 WL 3889701, at *2 (finding threshold for compassionate release was not met where 48-year-old man with asthma was in a facility with no confirmed COVID-19 cases among inmates and isolated staff infections that appeared under control). Because Defendant has failed to show extraordinary and compelling reasons for his release, the Court need not reach the § 3553(a) factors and finds that a reduction in sentence is not appropriate.

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [43] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.


DATED:    October 13, 2020    .




MARCO A. HERNÁNDEZ
United States District Judge

---

[8] *Population Statistics*, Federal Bureau of Prisons, https://www.bop.gov/about/statistics/population_statistics.jsp (last updated Sept. 24, 2020); *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Sept. 28, 2020).